UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: :
    MATTHEW ALEXANDER WALUKONIS : CHAPTER 13
      Debtor(s) :
:
JACK N. ZAHAROPOULOS, :
CHAPTER 13 TRUSTEE, :
      Movant :
:
    vs. :
:
MATTHEW ALEXANDER WALUKONIS :
      Respondent(s) : CASE NO. 1:25-bk-01526-HWV

## TRUSTEE'S OBJECTION TO CHAPTER 13 PLAN

AND NOW, comes Jack N. Zaharopoulos, Standing Chapter 13 Trustee, by and through his attorney Agatha R. McHale, Esquire, and objects to confirmation of the above-referenced Debtor(s)' Plan for the following reason(s):

1. Debtor(s)' Plan violates 11 U.S.C. §§ 1322(a)(1) and 1325(b) in that Debtor(s) has/have not submitted all or such portion of the disposable income to Trustee as required. More specifically,

Trustee alleges, and therefore avers, that Debtor(s)' disposable income is greater than that which is committed to the Plan based upon disposable income on Schedules I and J and specifically disputes the following amounts:

    a. Earning capacity. More specifically, Debtor's income will increase significantly after he completes his residency.

2. Debtor(s)' Plan violates 11 U.S.C. § 1325(a)(4) in that the value of property to be distributed under the Plan on account of each allowed unsecured claim is less than the amount that would be paid on such claim if the estate were liquidated under Chapter 7. More specifically, Debtor(s) has/have excess non-exempt equity in the following:

    a. Automobile.

3. Debtor(s)' Plan violates 11 U.S.C. § 1325(b)(1) in that the Plan does not provide for the payment of all of Debtor(s)' projected disposable income for a minimum period of three years.

4. Trustee avers that Debtor(s)' Plan is not feasible based upon the following:

   a. The Plan is underfunded relative to claims to be paid.
   b. Plan ambiguous as to the payment and base amount. Plan ambiguous regarding the sale of real estate.

WHEREFORE, Trustee alleges and avers that the Plan cannot be confirmed, and therefore, Trustee prays that this Honorable Court will:

   a. deny confirmation of Debtor(s)' Plan;
   b. dismiss or convert Debtor(s)' case; and
   c. provide such other relief as is equitable and just.

Dated: September 5, 2025

Respectfully submitted:

/s/ Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

BY: /s/ Agatha R. McHale, Esquire
Attorney for Trustee

## CERTIFICATE OF SERVICE

      I hereby certify that I have served the within Objection by electronically notifying parties or by depositing a true and correct copy of the same in the United States Mail at Hummelstown, Pennsylvania, postage prepaid, first class mail, addressed to the following:

Tullio DeLuca, Esquire
381 N 9th Avenue
Scranton, PA 18504

Dated: September 5, 2025

                                      /s/ Matthew Harnsberger, Legal Assistant
                                      Office of Jack N. Zaharopoulos
                                      Standing Chapter 13 Trustee